**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-270-FDW**

| | |
|---|---|
| **ANGELA GABRIEL,** )<br>)<br>**Plaintiff**, )<br>)<br>vs. )<br>)<br>**CAROLYN W. COLVIN,** )<br>**Acting Commissioner,** )<br>**Social Security Administration,** )<br>)<br>**Defendant.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 11) and "Memorandum in Support…" (Doc. No. 12), both filed on March 25, 2015; and Defendant Commissioner's Motion for Summary Judgment (Doc. No. 13) and "Memorandum of Law in Support…" (Doc. No. 14), both filed May 26, 2015. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

**I. BACKGROUND**

On July 8, 2011, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income alleging disability beginning on December 30, 2007. (Tr. 15, 194). Her claim was initially denied on January 11, 2012 and was denied upon reconsideration on April 13, 2012. (Tr. 136; 145).

1

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on June 10, 2012 (Tr. 163), and that hearing, at which Plaintiff was represented by counsel, was held in Asheville, North Carolina via video conference on June 14, 2013 with ALJ Marshall Riley presiding. (Tr. 15). On July 11, 2013, the ALJ returned an unfavorable decision that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). (Tr. 12). On August 18, 2014, Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, rendering the ALJ's decision the Commissioner's final decision in this case. (Tr. 1).

Pursuant to 42 U.S.C. § 405 (g), Plaintiff has a right to review of the Commissioner's final decision, and she timely filed the present action on October 14, 2014. (Doc. No. 1). The parties' Motions for Summary Judgment and Judgment on the Pleadings are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. DISCUSSION

### A. Standard of Review

Judicial review of a final decision of the Commissioner in Social Security cases is authorized pursuant to 42 U.S.C. § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). District courts do not review a final decision of the Secretary de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d

773, 775 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Craig, 76 F.3d at 589. The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

The issue before this Court, therefore, is not whether Plaintiff is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.

### III. ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Act between December 30, 2007 and the date of the ALJ's decision.[1] Plaintiff has the burden of proving she was disabled within the meaning of the Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration ("SSA") uses a five step sequential evaluation process, pursuant to 20 C.F.R. § 404.1520, for determining disability claims. If a claimant is found to be disabled or not disabled at any step, the inquiry ends and the adjudicator does not proceed further in the process. Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment or a

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et. seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

combination of impairments that is severe and meets the twelve month durational requirement set forth in 20 C.F.R. § 404.1509; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and, if unable to perform the requirements of past relevant work, (5) whether the claimant is able to adjust to other work, considering her RFC and vocational factors (age, education, and work experience). If the claimant is able to adjust to other work, considering her RFC and vocational factors, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i-v).

The claimant bears the burden of production and proof during the first four steps of the inquiry. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If she is able to carry this burden through the fourth step, the burden shifts to the Commissioner in the fifth step to show that other work is available in the national economy which the claimant could perform. Id.

In the instant case, the ALJ determined at step one that Plaintiff has not been engaged in substantial gainful activity since her alleged onset date of December 30, 2007. (Tr. 17). At step two, he determined that Plaintiff had the severe impairments of degenerative disc disease ("DDD"), fibromyalgia, anxiety, and depression. Id. The ALJ found, at step three, that Plaintiff did not meet any of the listings. (Tr. 18). At step four, the ALJ found that Plaintiff had the RFC to perform less than a full range of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). (Tr. 19). He also found that she was no longer capable of performing her past relevant work. (Tr. 24). At step five, the ALJ, based on testimony of the vocational expert, concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, the

4

claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" such as inspector, assembler, and packer. (Tr. 25-26).

On appeal to this Court, Plaintiff presents the following assignments of error: (1) the ALJ erred by failing to mention and weigh the Medicaid decision of the North Carolina Department of Health and Human Services ("NCDHHS") finding Plaintiff disabled; and (2) that the ALJ's analysis of Plaintiff's RFC was deficient. (Doc. No. 12). Within the second assignment of error, the Court discerns the following "sub-errors:" (1) the ALJ's psychiatric review technique ("PRT") was inadequate; (2) the ALJ failed to adequately evaluate Plaintiff's credibility; and (3) the ALJ failed to conduct a proper function-by-function analysis of the RFC. (Doc. No. 12).

Turning to the arguments in this case, the Court has reviewed the pleadings and briefs and addresses Plaintiff's assignments of error below.

**A. NCDHHS Medicaid Decision**

Plaintiff argues that the ALJ failed to properly consider and weigh the prior Medicaid decision that found Plaintiff to be disabled because the ALJ did not expressly refer to the Medicaid disability determination in his hearing decision. (Doc. No. 12).

Under the regulations, disability decisions by other governmental agencies are not binding on the SSA. 20 C.F.R. §§ 404.1504, 416.904. While not binding, such disability determinations are "entitled to consideration by the Secretary." *DeLoatche v. Heckler,* 715 F.2d 148, 150 n. 1 (4th Cir.1983); *Watson v. Astrue,* No. 5:08–CV–553–FL, 2009 WL 2423967, at *2 (E.D.N.C. Aug. 6, 2009) (remanding case where ALJ failed to discuss state agency decision). Social Security Ruling 06–03p guides the Secretary's implementation of 20 C.F.R. § 404.1504, which identifies Medicaid decisions as "other-agency evidence" and specifies that "the adjudicator should explain the

5

consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." SSR 06–03p at *7.

In this case, the ALJ indirectly referred to the Medicaid decision by noting that he considered the opinion evidence of record "in accordance with the requirements of ... [SSR] 06–3p." (Tr. 19). Plaintiff cites to a string of Eastern District of North Carolina ("E.D.N.C.") cases that have held that mentioning the SSR 06-03p, without a direct reference to or specific explanation of the Medicaid decision, is insufficient to satisfy the requirements of SSR 06-03p. (Doc. No. 12). Indeed, this argument would be persuasive under the E.D.N.C. cases cited. However, as Defendant correctly points out, Western District of North Carolina ("W.D.N.C.") cases have held that, in the absence of any other evidence qualifying for analysis under SSR 06-03p, a statement by the ALJ that he considered opinion evidence in accordance with SSR 06-03p is a sufficiently adequate consideration of the prior Medicaid determination. See Lail v. Colvin, No. 5:13-cv-89-MR-DLH, 2014 WL 4793234, at *6 (W.D.N.C. Sept. 25, 2014) (in the absence of any other evidence qualifying for analysis under SSR 06-03p, the ALJ's reference to SSR 06-03p sufficed to show that he appropriately considered the NCDHHS decision); McLawhorn v. Colvin, 2:13-CV-00024-FDW, 2014 WL 2215936, at *6 (W.D.N.C., May 29, 2014); Bradshaw v. Astrue, No. 2:08cv033, 2011 WL 4344538, at *7 (W.D.N.C. Sept. 15, 2011); Parsons v. Astrue, No. 5:10-CV-00075-RLV-DCK, 2011 WL 4596156, at *8 (W.D.N.C. June 15, 2011).

In the instant case, the prior Medicaid decision was the only opinion evidence in the record that would implicate consideration under SSR 06-03p. Accordingly, consistent with previous decisions in this District, the Court concludes that the ALJ's reference to that ruling indicated that he considered the State Medicaid decision pursuant to the requirements therein. Although the

6

record contains no explanation by the ALJ as to why he discounted the State Medicaid decision, the Court finds any error on this matter to be harmless. Thus, the Court concludes that, insofar as the ALJ's failure to explain his consideration of the State Medicaid decision more thoroughly may have been error, it was harmless error. See Bradshaw, No. 2:08cv033, 2011 WL 4344538, at *7.

### B. ALJ's Analysis of Plaintiff's RFC

Plaintiff argues that the ALJ failed to adequately analyze her RFC in general, and that this failure is reversible error. (Doc. No. 12). Within Plaintiff's broad argument that the RFC analysis was deficient, the Court has discerned three sub-points which are as follows: (1) the ALJ's psychiatric review technique ("PRT") was inadequate; (2) the ALJ failed to adequately evaluate Plaintiff's credibility; and (3) the ALJ failed to conduct a proper function-by-function analysis of the RFC. (Doc. No. 12).

#### 1. Psychiatric Review Technique ("PRT")

Plaintiff asserts that the ALJ's PRT was improper because it consisted of a "conclusory adoption of the conclusions of the State Agency examiners." (Doc. No. 12). She argues that the ALJ did not provide sufficient analysis as to why he placed "great weight" upon the findings of the State Agency. (Tr. 18); (Doc. No. 12).

In order for the Court to engage in substantial evidence review, it is necessary that there be a clear basis for the ALJ's ruling. Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013); see also Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). Citing to state medical opinions in support of an ALJ's conclusion, in itself, is not enough to constitute "substantial evidence." Id. Thus, "[e]ven if the ALJ's exclusive citation to those opinions indicates the (apparently very high) evidentiary weight placed on them, it does not indicate *why* the opinions merit that weight." Id.

7

(emphasis in original). Accordingly, under Radford, the ALJ must explain why he believes the State Agency opinions merit "great weight" and not simply adopt them without support in the record. Id.

In the instant case, after outlining the State Agency psychologist's findings, the ALJ concluded that he "gives great weight to the findings of the State Agency psychologists as this is consistent with the objective evidence of record" and [these findings] "…are supported by clinical diagnostic techniques as well as the opinions of the consultative examiners." (Tr. 18, 23). The opinion evidence regarding Plaintiff's mental impairments came from Dr. Souther, a State agency medical consultant. (Tr. 124-25, 129-31). The ALJ pointed out that Dr. Souther's findings, as adopted by the ALJ, were consistent with Dr. Jerelene Howell's opinion that Plaintiff has moderate mental limitations. Dr. Howell examined Plaintiff for a consultative psychological evaluation and found that Plaintiff would "likely have at least moderate impairment in remembering instructions in an employment environment at this time…and moderate impairment in abstract reasoning abilities." (Tr. 22).

Accordingly, the ALJ did not simply adopt the State Agency's mental assessment of Plaintiff, he cited to objective evidence in the record and to the opinions of the consultative examiners in explaining why he believed the State Agency's assessment merits great weight. (Tr. 23). This is a sufficient explanation to meet the requirement of substantial evidence, thus he did not err in adopting the conclusions of the State Agency examiners.

### 2. ALJ's Evaluation of Plaintiff's Credibility

Plaintiff also argues that the ALJ's evaluation of her credibility was inadequate in his assessment that "[her] statements concerning intensity, persistence and limiting effects of the

8

claimant's symptoms are not entirely credible for the reasons explained in this decision." (Tr. 23). Plaintiff asserts that the ALJ failed to explain his reasoning for this finding and that this failure constitutes harmful error. (Doc. No. 12). Upon review of the record, the Court finds that the ALJ's determination of Plaintiff's credibility was supported by sufficient explanation and, therefore, Plaintiff's argument is without merit.

The regulations lay out a two-step process in considering a claimant's statements and symptoms regarding the limitations caused by her impairments. See C.F.R. §§ 404.1529, 416.929; Craig, 76 F.3d at 593-96. First, the ALJ must determine that there is objective medical evidence showing the existence of a medical impairment which would reasonably be expected to produce the pain or alleged symptoms. 20 C.F.R. §§ 416.929(b), 404.1529(b). If the ALJ finds such, he must then evaluate the intensity and persistence of the claimant's pain in order to determine whether or not the alleged symptomatic limitations will factor into the RFC. See 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1); Craig, 76 F.3d at 595 ("It is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her work, must be evaluated.") (emphasis in original).

As stated above, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford, 734 F.3d at 295 (4th Cir. 2013). "The record should include a discussion of which evidence the ALJ found credible and why" because "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Id. (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

9

Further developing this standard, the Fourth Circuit has recently held that the ALJ's failure to evaluate a claimant's credibility *before* analyzing the RFC is harmful error and requires remand. Mascio v. Colvin, 780 F.3d 632, 639-40 (4th Cir. 2015).

Turning to the instant case, it is important to note at the outset that, pursuant to step one in the above process, the ALJ did not expressly state whether or not he found there to be a medical impairment which would reasonably be expected to produce Plaintiff's alleged symptoms. (Tr. 23). He simply stated that "the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not entirely credible for the reasons explained in this decision." (Tr. 23). However, as stated above, an ALJ cannot analyze step two in the process until he has found a predicate medical impairment under step one. Accordingly, given that the ALJ went on to make a finding regarding Plaintiff's statements of "intensity, persistence, and limiting effects", the Court assumes that the ALJ found there to be at least one medical impairment that can be reasonably expected to produce Plaintiff's alleged symptoms in order to satisfy step one in the credibility determination process. Otherwise, the process could not have gone forward. See Craig, 76 F.3d at 595.

The inquiry, then, is whether the ALJ provided a sufficient analysis for discrediting Plaintiff's alleged symptoms. The Court finds that he did. After using what may be now suspect boilerplate language to state that the Plaintiff's "statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not entirely credible for the reasons explained in this decision," the ALJ did explain his reasoning for his finding. (Tr. 23). The ALJ went on to list Plaintiff's alleged symptoms and then concluded that the medical evidence of record shows that her condition is not severe enough to be considered disabling. (Tr. 23). Further, the ALJ

explained that he gave great weight to the findings of the State Agency physicians and psychologists because those opinions are "consistent with the objective evidence of record and are supported by clinical diagnostic techniques as well as the opinions of the consultative examiners." (Tr. 23).

Defendant is correct in pointing out that the ALJ conducted a sufficiently extensive review of the medical evidence of record which provides support for and against Plaintiff's allegations. (Doc. No. 14). The ALJ's discussion lays out medical evidence from a number of physicians (treating, non-treating, and consultative), a report from Plaintiff's friend, and Plaintiff's subjective allegations. (Tr. 18-23). In this discussion, the ALJ explains that Dr. Burgess's consultative physical examination revealed that, contrary to Plaintiff's contention that she could not grasp objects, she was able to write and pick up coins with both hands. (Tr. 21). His examination also revealed that Plaintiff had normal range of motion in the joints of her fingers and that she is able to manipulate small and medium objects without difficulty. (Tr. 21). It is upon this evidence, which meets the substantial evidence standard, that the ALJ supported his credibility determination. (Tr. 23).

Plaintiff also argues that the ALJ failed to afford proper weight to the opinions of Dr. Craig, whose medical assessment imposes significantly greater restrictions on Plaintiff's limitations. Specifically, Dr. Craig provided the following individual functional restrictions: lifting or carrying less than ten pounds, standing or walking for a maximum of two hours, sitting for a maximum of two hours, and an inability to reach overhead. (Doc. No. 12; Tr. 22). These limitations are in contrast with the RFC adopted by the ALJ which limited Plaintiff to lifting a maximum of twenty pounds, standing or walking for about six hours of an eight hour workday,

and limited pushing and pulling with the upper and lower extremities. (Tr. 19). Plaintiff asserts that the ALJ did not address his reasons for discrediting Dr. Craig's assessment. (Doc. No. 12). However, this argument is without merit because the ALJ explicitly stated that he "[gave] less weight to the assessments from Dr. Craig" because "[Dr. Craig] only had contact with the claimant for a few months and…the limitations cited by Dr. Craig are not supported by his treatment notes." (Tr. 24). Specifically, his treatment notes describe that Plaintiff had good range of motion despite her alleged tenderness and positive straight let test (Tr. 404), and he noted that Plaintiff also had full range of motion in her hands despite her alleged tingling. (Tr. 405). Therefore, given that these treatment notes are out of sync with his opined functional limitations, and that he only had brief contact with Plaintiff (Tr. 22, 24), the ALJ was within his discretion to discredit Dr. Craig's assessment, and the ALJ provided a sufficient credibility evaluation of such.

Accordingly, the ALJ did not declare Plaintiff's allegations generally non-credible without explanation. He provided sufficient reasoning for not only accepting the assessment of Dr. Burgess and other medical evidence, but also for rejecting the limitation set forth by Dr. Craig. (Tr. 19-24). He cited to the assessments and examinations provided in the medical evidence of record which, as now required by Mascio, provided sufficient explanation that Plaintiff's symptomatic allegations lacked credibility. (Tr. 24).

### 3. Function-by-Function Analysis

Plaintiff also asserts that the ALJ failed to conduct a proper function-by-function analysis of her capacity to perform the functions within the RFC. (Doc. No. 12). However, the Court finds that Plaintiff's argument is without merit and that the ALJ conducted a sufficient function-by-function analysis.

Social Security Ruling 96-8p explains how adjudicators should assess RFC. See SSR 96-8p. The Ruling states that the RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis…" Id., 61 Fed. Reg. 34,474, 34, 475 (July 2, 1996). "Only after that may [RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. The Fourth Circuit has recently held that "remand may be appropriate…where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2nd Cir. 2013)) (internal citations omitted).

In the instant case, as stated above, the ALJ found that Plaintiff could frequently lift ten pounds and occasionally lift twenty pounds in addition to "limited pushing/pulling with the upper and lower extremities" and "limited gross and fine manipulation." (Tr. 19). However, Plaintiff contests that the ALJ never explained why he determined this RFC despite Plaintiff's alleged impairments and Dr. Craig's assessments. (Doc. No. 12). However, as discussed above, the Court has already found that the ALJ was sufficiently justified in his finding that Plaintiff's allegations and Dr. Craig's assessments were without credibility. Although Plaintiff makes a similar credibility argument in her function-by-function analysis argument, the Court finds it unnecessary to address this argument again.

The ALJ cited to medical evidence of record by Dr. Burgess and Jerelene Howell in support of Plaintiff's RFC. (Tr. 21-22). As stated above, he provided a discussion of all relevant medical evidence of record, including that of Dr. Craig and Ms. Callahan, and explained why he credited

some of the assessments and discredited others. (Tr. 19-24).

Accordingly, given that the only argument set forth by Plaintiff in her contention that the ALJ failed to conduct a proper function-by-function analysis is that the ALJ failed in his credibility assessment of Plaintiff and Dr. Craig—which the Court previously found to be without merit—the Court finds that the ALJ did provide sufficient explanation for the functions he found and included in Plaintiff's RFC. Therefore, Plaintiff's argument regarding the ALJ's alleged failure concerning his function-by-function analysis is without merit.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 11) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED, and the Commissioner's decision is AFFIRMED. The Clerk's Office is respectfully directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: July 29, 2015

Frank D. Whitney
Chief United States District Judge